UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:11CR-12-TBR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

TERRY WAYNE CREEK                                                                            DEFENDANT

## MEMORANDUM AND ORDER

Defendant Terry Wayne Black filed a *pro se* motion requesting the Court to increase his term of supervised release from three years to five years and run it concurrently with his state sentence (DN 33).  He filed two supplements to his motion (DNs 39 and 41) requesting essentially the same relief, except in his second supplement, instead of asking that his federal time run concurrently with his state time, he asks that his probation be restarted and his supervised release be increased from three to five years.  The United States filed responses (DNs 35 and 38), and Defendant filed a reply (DN 37).  The Court construes Defendant's motion and supplements as motions to modify his sentence.

On November 8, 2011, the Court entered its Judgment and Commitment Order sentencing Defendant to 12 months, followed by three years of supervised release.  On July 18, 2012, the U.S. Probation Office filed a petition to revoke his supervised release, followed by a supplemental petition on January 23, 2013, reporting that Defendant had been convicted in Logan Circuit Court of bail jumping and of being a persistent felony offender and had received a state sentence of 15 years.  Defendant is currently serving his state sentence and has not appeared before the Court on the revocation petition.

In support of his requests, Defendant states that he has been in substance abuse treatment while incarcerated; that he needs to be released to support his wife and children; and that he has had clear conduct while in prison.

However, Defendant cites no statute or other legal authority in support of his requests. The Court has jurisdiction to modify or reduce a term of imprisonment that is already imposed in a few, very limited circumstances. First, a district court may modify a sentence under 18 U.S.C. § 3582(c)(1)(A) if the Director of the Bureau of Prisons moves for a reduction on certain statutory grounds. Second, a court may modify a sentence under § 3582(c)(2) if the relevant guideline range has been lowered by the United States Sentencing Commission. Third, a court may modify a sentence under Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c)(1)(B). However, Rule 35 authorizes a sentence reduction only on the government's motion or for a correction of an "arithmetical, technical, or other clear error" within fourteen days after sentencing. Fed. R. Crim. P. 35. Finally, Rule 36 allows a district court to correct a clerical error in a judgment. Fed. R. Crim. P. 36.

None of these provisions applies to the instant case. Therefore, the Court does not have jurisdiction to modify Defendant's sentence. Accordingly,

**IT IS ORDERED** that Defendant's motions to modify his sentence (DNs 33, 39, and 41) are **DENIED**.

Date:


cc: Defendant, *pro se*
U.S. Attorney
4413.010

2